No. 67.—MATTHEW WRIGHT, plaintiff in error, *vs.* JAMES LAWSON, defendant in error.

[1.] The party whose affidavit is used as evidence, as provided for in the first and second sections of the Act of 1842, to make discovery of usury at Law, may be put upon the stand and examined *ore-tenus*, by the other party; and it is immaterial by whom the written affidavit is used on the trial.

Assumpsit, in Stewart Superior Court. Tried before Judge IVERSON, April Term, 1853.

This was an action of assumpsit, brought by Lawson against Wright, on promissory notes. To which, defendant filed the plea of usury, under the Statute of 1842. The plaintiff answered the plea under oath.

On the trial, the defendant read the answer of the plaintiff to the Jury, and then proposed to place the plaintiff on the stand, for the purpose of cross-examination.

Counsel for plaintiff objected. The Court sustained the objection, and defendant excepted.

TUCKER, for plaintiff in error.

WORRILL, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] After having read the affidavit of the plaintiff, filed under the Statute, to the Jury, had the defendant the right to place the plaintiff upon the stand and subject him to a further *ore-tenus* examination?

The Act of 1842, (*Cobb's Digest,* 601,) contains three sections, which are as follows:

" SEC. I. *Be it enacted,* That from and after the passage of this Act, that in all cases, in the several Courts in this

State, when the plea of usury shall be pleaded, the party plaintiff in such case, upon notice of such plea, accompanied by a copy of such plea, and which shall be served upon such plaintiff, his agent or attorney, within one month from the filing of such plea, if the case is in the Superior or Inferior Court, and within ten days, if the case is in any Justice's Court, or any other Court—discover on oath by his written affidavit, to be made before some officer legally authorized to administer an oath, whether the fact or facts set forth in said plea, are true as to the usury, and whether or not the contract upon which said suit is brought was usurious, and such written affidavit may be read in evidence on the trial of said case, *by either party*.

SEC. II.   If any party plaintiff shall fail or refuse to make the discovery, as provided in the first section of this Act, that the party defendant in said case, may make an affidavit in writing, before any officer authorized to administer an oath, of the truth of the facts set forth in his plea, as to the usury therein pleaded, and the said affidavit of the defendant may be read on the trial by either party to said case.

SEC. III.   The party where affidavit is used as evidence, as provided in the first and second sections of this Act, shall be put upon the stand and cross-examined by the other party, as other witnesses."

Substitute the word *whose* for *where*, in the third section of the Act of 1842, which, I have no doubt ought to be done, and the construction is free from doubt.   It would then read : " The party *whose* affidavit is used as evidence, as provided in the first and second sections of this Act, shall be put upon the stand and cross-examined by the other party, as other witnesses."   That is, if the plaintiff's affidavit is used as evidence, as is provided for in the first section of the Act, he may be put upon the stand and cross-examined by the defendant.   And if the defendant's affidavit is used as evidence, as is provided for in the second section of the Act, he may be put on the stand by the plaintiff, and cross-examined as other witnesses.

But grant that there is no clerical or typographical mistake in copying or printing this Act, and take it as it stands, as

Wright *vs.* Lawson.

counsel for the defendant in error insists we shall, and the interpretation is not altered.   The position contended for for the defendant in error is, that if the plaintiff, under the first section, reads his own affidavit, as he may do, that then he may be cross-examined by the defendant; but not so, if his affidavit is read by the defendant.   And so, under the second section, if the defendant exhibits as evidence, his own oath, as he is entitled to do, in support of his plea, that in this case the plaintiff may put him on the stand, and cross-examine him, but not otherwise.

But is it not apparent that, to arrive at this conclusion, the ingenious counsel is compelled to interpolate upon the Statute? It declares that, " the party *where* affidavit is used in evidence," generally, and without specifying by whom used, shall be put upon the stand and cross-examined.   But the proposition pressed upon us is, that where used as evidence by the *plaintiff*, under the first section, and by the *defendant*, under the second.   We repeat, no such limitation or restriction is to be found in the language of the Act.   But the words are, that " the party where affidavit is used as evidence, shall be put upon the stand and cross-examined," or re-examined by the other party—that is, by the other party than that whose affidavit is used as testimony.   The antithesis as to parties in this section, is between the party swearing and the party not swearing.   And the party not swearing is allowed to examine, *viva voce*, the party whose written affidavit is used as evidence.   And it matters not by whom it is used.

This being a remedial Statute, should be liberally construed in furtherance of justice.

Judgment reversed.